IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OCTAVIA SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-792-G-BN |
| | § | |
| DALLAS COUNTY HOSPITAL | § | |
| DISTRICT d/b/a PARKLAND | § | |
| HEALTH AND HOSPITAL SYSTEM, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for pretrial management, including a recommendation on Defendant's 12(b)(6) Motion to Dismiss [Dkt. No. 13], pursuant to 28 U.S.C. § 636(b) and an order of reference. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Plaintiff Octavia Smith, who is appearing *pro se*, sued her former employer, Defendant Dallas County Hospital District d/b/a/ Parkland Health and Hospital System, under Title VII of the Civil Rights Act of 1964. *See* Dkt. No. 8 (Plaintiff's First Amended Complaint). Before filing this lawsuit, Plaintiff submitted two charges of discrimination to the Equal Employment Opportunity Commission ("EEOC").

Plaintiff's first charge, dated November 20, 2012, alleged that Defendant

discriminated against her on the basis of her race. The EEOC issued a notice of right-to-sue letter for the race discrimination charge the same day – November 20, 2012. *See id.* at 3 Defendant terminated Plaintiff's employment on December 6, 2012. *See id.*

Plaintiff's second charge, dated December 12, 2012, alleged that Defendant's reason for termination was pretext and that she was terminated in retaliation for filing the first charge with the EEOC. The EEOC did not issue a right-to-sue letter on the retaliation charge. *See id.*

Plaintiff filed her Original Complaint [Dkt. No. 3] on February 19, 2013, which was 91 days after the EEOC issued the right-to-sue letter on the race discrimination charge.

Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(6). *See* Dkt. No. 13. Defendant argues that Plaintiff's race discrimination claim is time-barred because Plaintiff did not file suit within 90 days of receipt of the right-to-sue letter, that Plaintiff failed to exhaust administrative remedies on her retaliation claim because the EEOC did not issue a right-to-sue letter on that charge, and that Plaintiff has not stated sufficient facts to establish a plausible claim for relief.

The undersigned now concludes that the motion to dismiss should be granted in part and denied in part.

**Legal Standards**

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief

may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id.*

## Analysis

**I.  Plaintiff's race discrimination claim should not be dismissed on the alleged basis that it was untimely filed.**

Title VII provides that claimants have 90 days to file a civil lawsuit after

-3-

receiving a statutory notice of right to sue from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1) (1994); *Taylor v. Books A Million*, 296 F.3d 376, 379 (5th Cir. 2002). This requirement to file a lawsuit within the 90-day limitation period is strictly construed. *See Taylor*, 296 F.3d at 379 (citations omitted). Courts within the Fifth Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the 90-day limitation period expired. *See id.*

Plaintiff alleged in her amended complaint that she filed a charge of race discrimination with the EEOC on November 20, 2012 and that the EEOC issued its findings and right-to-sue letter the same day. *See* Dkt. No. 8 at 1, 3. Plaintiff fails to state a specific date on which she received the right-to-sue letter. *See id.*

Defendant argues that Plaintiff does not refute, and therefore has conceded, that she received the right-to-sue letter on November 20, 2012, the same day it was issued. *See* Dkt. No. 23 at 2. Therefore, according to Defendant, Plaintiff was required to file her lawsuit by February 18, 2013 to meet the 90-day deadline. But Plaintiff did not file her lawsuit until February 19, 2013, which was 91 days after the notice-to-sue letter was issued. Plaintiff responds with a conclusory allegation that her complaint was filed timely. *See* Dkt. No. 20 at 1.

When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts presume that the plaintiff received it three days after its issuance. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984); *Franklin v. Burlington N. Sante Fe Corp.*, 34 F. App'x 963, at *1 (5th Cir. 2002) (citing *Baldwin*, 466 U.S. at 148 n.1); *see also Taylor*, 296 F.3d at 379 (explaining that courts

presume receipt of right-to-sue letter within a range of three to five days after it was issued). Because Plaintiff failed to allege the specific date on which she actually received the right-to-sue letter and the date the letter was received is unknown, the undersigned concludes that a presumption of receipt within three days of issuance is appropriate.

Therefore, presuming that Plaintiff received the letter within three days after it was issued, her race discrimination claim was filed timely.

## II. Plaintiff's retaliation claim should not be dismissed on the alleged basis of failure to exhaust administrative remedies.

Before Plaintiff may pursue Title VII claims in federal court, she must first exhaust all available administrative remedies. *See Taylor*, 296 F.3d at 378-79; *Bouaziz v. AZT Corp.*, No. 3:13-cv-0053-B, 2010 WL 2813403, at *1 (N.D. Tex. July 9, 2010). A plaintiff has exhausted the available administrative remedies once she: (1) files a timely complaint with the EEOC, (2) the agency dismisses the claim, and (3) the agency informs her of her right to sue in federal court. *See Bouaziz*, 2010 WL 2813403, at *1 (citing *Hall v. Cont'l Airlines, Inc.*, 252 F. App'x 650, 653 (5th Cir. 2007)). Although a plaintiff may demand a right-to-sue letter 180 days after the charges are filed with the EEOC, courts have held that the right-to-sue letter must be received before a motion to dismiss is filed for the suit to proceed. *See id.* (collecting cases); *see also* 42 U.S.C. § 2000e-5(f)(1).

Plaintiff alleges that she filed a charge of retaliation with the EEOC on December 6, 2012. She also alleges that the only right-to-sue letter she received from

the EEOC was issued on November 20, 2012, which is the same day she filed her charge of race discrimination and before her retaliation charge was filed. In her response to the motion to dismiss, Plaintiff states that her retaliation claim has not been closed by the EEOC and that she received nothing from the EEOC concerning the retaliation charge.

Generally, because Plaintiff had not received a right-to-sue letter from the EEOC on her claim before the motion to dismiss was filed, she has failed to exhaust her administrative remedies, and the retaliation claim should be dismissed without prejudice. *See Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 478 (5th Cir. 1997); *Lightfoot v. OBIM Fresh Cut Fruit Co.*, No. 4-07-608-BE, 2008 WL 4449512, at *2-*3 (N.D. Tex. Oct. 2, 2008). But the United States Court of Appeals has carved out an exception to the exhaustion requirement that applies here.

In *Gupta v. East Texas State University*, 654 F.2d 411 (5th Cir. 1981), the Court of Appeals held that "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court." 654 F.2d at 414. Although neither party raises this line of authority, *Gupta* is directly on point here, where Plaintiff filed her initial charge of discrimination with the EEOC, was then terminated, and then filed a charge of retaliation with the EEOC alleging that Defendant's reason for termination was pretext and that she was terminated in retaliation for filing the first charge with the EEOC. Under *Gupta*, retaliation that occurs as a result of filing

an EEOC charge can be included in a Title VII case in district court without filing a new charge. *See id.* The fact that Plaintiff actually did file a retaliation charge with the EEOC and simply has not yet received a right-to-sue letter does not change this result, even though it does make some of the policy reasons for the holding in *Gupta* inapplicable. The Fifth Circuit held that "it is unnecessary for a plaintiff to exhaust administrative remedies" – which encompasses both filing a charge and receiving a right-to-sue letter – "prior to urging a retaliation claim growing out of an earlier charge." *Id.*; *compare Lightfoot*, 2008 WL 4449512, at *3. Here, *Gupta* "requires that [the Court] not dismiss [Plaintiff's] claim of wrongful discharge in retaliation for filing the EEOC charge." *Stevenson v. Verizon Wireless (VAW) LLC*, No. 3:08-cv-168-G, 2009 WL 129466, at *4 (N.D. Tex. Jan. 16, 2009); *accord Cooper v. Wal-Mart Transp., LLC*, 662 F. Supp. 2d 757, 774-75 (S.D. Tex. 2009).

Further, "[u]ntil the Supreme Court or Fifth Circuit reassess the holding of *Gupta*, this court is bound to follow it," notwithstanding the United States Supreme Court's holding in *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101 (2002). *Stevenson*, 2009 WL 129466, at *5. And, while it has recognized the possibility that "*Gupta* may no longer be applicable after the Supreme Court decision in *Morgan*," the Fifth Circuit has not yet reconsidered *Gupta* in light of *Morgan*. *Simmons-Myers v. Caesars Entm't Corp.*, 515 F. App'x 269, 273 n.1 (5th Cir. 2013). Thus, "for now it remains the law of the Circuit that a claim alleging retaliation for the filing of an earlier EEOC charge need not be separately exhausted." *Taylor v. Tex. S. Univ.*, No. 4:12-cv-1975, 2013 WL 5410073, at *5 n.4 (S.D. Tex. Sept. 25, 2013).

For these reasons, the Court should not dismiss as unexhausted Plaintiff's claim for wrongful termination in retaliation for filing her charge with the EEOC. *See Stevenson*, 2009 WL 129466, at *5.

### III. Plaintiff's race discrimination and retaliation claims should be dismissed without prejudice because she failed to allege sufficient facts to establish a plausible claim for relief.

In her amended complaint, Plaintiff alleges that Defendant "intentionally engaged in unlawful employment practices involving Plaintiff because she is and was an African-American female," "discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment by terminating her employment illegally based on impermissible reasons which deprived her an employment opportunity or adversely affect[ed] her status because of Plaintiff's race," and "terminated Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to White and Hispanic employees similarly situated." Dkt. No. 8 at 3-4. Defendant asserts that these allegations are mere legal conclusions that cannot survive dismissal and also that Plaintiff has failed to state facts to support at least one element of her Title VII claims.

Title VII makes it unlawful for an employer to discriminate against an individual based on race or retaliate against her for engaging in protected activity. *See* 42 U.S.C. § 2000e-2; *Thornton v. Dallas Indep. Sch. Dist.*, No. 13-cv-3012-P, 2014 WL 46398, at *3 (N.D. Tex. Jan. 6, 2014). Claims under Title VII are analyzed through the framework set out by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir.

-8-

2007). Under that framework, a plaintiff must establish a prima facie case of discrimination before the case may proceed. *Id.* To establish a prima facie claim of racial discrimination, a plaintiff must show that she (1) was a member of a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) was replaced by someone outside of her protected class or that others outside of her protected class and similarly situated were treated more favorably. *See id.* To establish a prima facie claim of retaliation, a plaintiff must demonstrate that (1) she engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action. *See id.* at 557.

The Fifth Circuit has cautioned that a plaintiff is not required to make a showing of each prong of the prima facie test at the pleading stage. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-12 (2002)). "While a plaintiff is not required to plead a prima facie case based on discrimination and retaliation at the pleading stage for purposes of Rules 8 and 12(b)(6), she must set forth allegations that would enable the court to reasonably infer that his employer or employment agency discriminated against him in violation of Title VII and took the alleged adverse employment action because he engaged in protected activity." *Thornton*, 2014 WL 46398, at \*3 (quoting *Nieman v. Hale*, No. 3:12-cv-2433-L, 2012 WL 3204990, at \*4 (N.D. Tex. Aug. 8, 2012) (internal citation omitted)).

Here, Plaintiff's allegations are insufficient to state a plausible claim. Plaintiff

-9-

makes only conclusory statements and alleges no facts demonstrating that Defendant's actions were motivated by her race. Her allegations are devoid of specific objective incidents of racial discrimination, such as racial comments or treatment different from similarly situated employees of another race. Rather, Plaintiff apparently asks this Court to infer race-based discrimination based on Defendant's mistreatment of her and subsequent termination. Such unsupported allegations fail to rise to the level of allegations that would enable the Court to reasonably infer that Plaintiff's employer discriminated against her in violation of Title VII, and should be dismissed. *See Raj*, 714 F.3d at 331(affirming Rule 12(b)(6) dismissal where plaintiff "did not allege any facts, direct or circumstantial, that would suggest [defendant]'s actions were based on [plaintiff]'s race or national origin or that [defendant] treated similarly situated employees of other races or national origin more favorably"); *accord Nieman*, 2012 WL 3204990, at *4. Likewise, Plaintiff has failed to allege any facts showing a causal link between her filing of the first EEOC charge and her subsequent termination, and the undersigned concludes that Plaintiff would not have plead sufficient facts to state a claim for Title VII retaliation.

### IV.  Summary of conclusions

Plaintiff's Title VII race discrimination claim was filed timely, and, as such, Plaintiff was not required to exhaust administrative remedies as to her Title VII retaliation claim. But Plaintiff has failed to allege sufficient facts to state a Title VII race discrimination or retaliation claim. Because Plaintiff is proceeding *pro se*, she should be permitted an opportunity to amend her complaint. *See In re Am. Airlines,*

*Inc. Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." (internal quotation marks and citation omitted)). Because Plaintiff has not stated that she cannot, or is unwilling to, cure the defects that the undersigned has identified, Plaintiff should have the opportunity to file a second amended complaint on the Title VII race discrimination or retaliation claims.

## Recommendation

Defendant's 12(b)(6) Motion to Dismiss [Dkt. No. 13] should be granted in part and denied in part. Plaintiff's Title VII race discrimination and retaliation claims should be dismissed without prejudice, and the Court should grant Plaintiff 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file a second amended complaint repleading her Title VII claims and should order that, if Plaintiff fails to do so, the case will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 29, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE