IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OCTAVIA SMITH, § § Plaintiff, § § V. § § DALLAS COUNTY HOSPITAL § DISTRICT d/b/a PARKLAND HEALTH § & HOSPITAL SYSTEM, § § Defendant. § | No. 3:13-cv-792-G-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation that Defendant's Supplemental Motion for Summary Judgment [Dkt. No. 52] should be granted.

**Background**

Plaintiff Octavia Smith, who is appearing *pro se*, sued her former employer Defendant Dallas County Hospital District d/b/a Parkland Health and Hospital System under Title VII of the Civil Rights Act of 1964. *See* Dkt. No. 8 (Plaintiff's First Amended Complaint).

Defendant moves for summary judgment under Federal Rule of Civil Procedure 56. *See* Dkt. Nos. 35 & 52. Defendant argues that Plaintiff's claims are, among other

things, barred by the doctrine of judicial estoppel because Plaintiff failed to disclose the present claim to the Bankruptcy Court during her pending Chapter 13 bankruptcy. *See* Dkt. No. 52. Specifically, Defendant argues that Plaintiff's legal position in the present action is plainly inconsistent with her prior legal position before the Bankruptcy Court, that the Bankruptcy Court accepted Plaintiff's prior legal position by confirming her bankruptcy plan, and that Plaintiff has acted deliberately in her non-disclosure of this claim. *See id.* Defendant also asserts that Plaintiff has not offered any summary judgment evidence sufficient to establish a genuine dispute as to any material fact. *See* Dkt. No. 58.

The undersigned concludes that Defendant's Supplemental Motion for Summary Judgment [Dkt. No. 52] should be granted because there is no genuine dispute as to any material fact.

**Legal Standards**

Under Rule 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of

the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075. Rather, the nonmoving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v.*

*Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999). The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

While the Local Rules in this district do not require the parties to submit statements or counter-statements of undisputed facts, where the Defendant cites a fact that Plaintiffs do not controvert with evidence, the Court may accept it as true. *See Eversley v. MBank of Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *Bradley v. Chevron U.S.A., Inc.*, No. 2:04-cv-92-J, 2004 WL 2847463, at *1 n.2 (N.D. Tex. Dec. 10, 2004).

Here, Plaintiff's pleadings are not verified and therefore do not themselves constitute summary judgment evidence. *See Estate of Newton ex rel. Newton v. Grandstaff*, No. 3:10-cv-809-L, 2012 WL 3013929, at *2 (N.D. Tex. July 20, 2012).

## Analysis

**I.  Plaintiff's claims are barred by the doctrine of judicial estoppel.**

"The doctrine of judicial estoppel prevents a party from asserting a claim in a

legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011) (en banc) (citation omitted). The purpose of this doctrine "is to protect the integrity of the judicial process, by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." *In re Wakefield*, 293 B.R. 372, 378 (N.D. Tex. 2003) (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999); internal quotation marks and brackets omitted). In the bankruptcy context, "judicial estoppel must be applied in such a way as to deter dishonest debtors whose failure to fully and honestly disclose all their assets undermines the integrity of the bankruptcy system, while protecting the rights of creditors." *Reed*, 650 F.3d at 574.

Judicial estoppel applies when "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Id*. The United States Court of Appeals for the Fifth Circuit has held that "[j]udicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005).

### A. Plaintiff's current legal position is plainly inconsistent with her prior legal position.

"It goes without saying that the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*." *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004) (quoting *In re Coastal Plains*, 179 F.3d at 207-08; emphasis in original). Further, the "obligation to disclose pending and unliquidated claims in bankruptcy proceedings is an ongoing one." *Jethroe*, 412 F.3d at 600. "Accordingly, if a litigant fails to disclose a pending or potential claim during a bankruptcy proceeding and later attempts to pursue that claim in a court of law, then element one of the test for judicial estoppel is met." *Johnson v. Deutsche Bank Nat. Trust Co.*, 3:12-cv-3542-L, 2013 WL 3810715, at *8 (N.D. Tex. July 23, 2013).

Plaintiff's statements in her asset schedules, which required disclosure of "contingent and unliquidated claims of every nature," clearly represented to the Bankruptcy Court that she had no pending or unliquidated claims. *See* Dkt. No. 52-2 at 9. Plaintiff's pursuit of her claims against Defendant in this Court is therefore plainly inconsistent with her position before the Bankruptcy Court that she has no pending or unliquidated claims. Plaintiff has failed to provide any summary judgment evidence that could refute this conclusion or create a genuine dispute of material fact.

### B. The Bankruptcy Court has accepted Plaintiff's prior legal position.

"Courts have consistently held that a bankruptcy court accepts a debtor's position when it relied on her asset schedules and confirms her bankruptcy plan. This

reliance need not be explicit; the court assumes reliance on the debtor's schedules when the bankruptcy court confirms the debtor's plan." *Abreu v. Zale Corp.*, No. 3:12-cv-2620-D, 2013 WL 1949845, at *3 (N.D. Tex. May 13, 2013) (citing *Jethroe*, 412 F.3d at 600). Here, the Bankruptcy Court had confirmed Plaintiff's bankruptcy plan one month before Plaintiff filed this lawsuit. *See* Dkt. No. 52-2 at 49.

Thus, Plaintiff's position in her asset schedules that she had no pending or unliquidated claims has been accepted by the Court. Plaintiff has failed to provide any summary judgment evidence that could refute this conclusion or create a genuine dispute of material fact.

### C. Plaintiff's non-disclosure was not inadvertent.

"In considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012) (quoting *In re Coastal Plains*, 179 F.3d at 210).

#### 1. Plaintiff did not lack knowledge of the undisclosed claim.

"A plaintiff has knowledge of a claim whenever she knows the facts that give rise to the claim." *Abreu*, 2013 WL 1949845, at *3 (citing *Jethroe*, 412 F.3d at 601). In fact, "if the debtor has enough information prior to confirmation to suggest that it may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed." *In re Coastal Plains*, 179 F.3d at 208 (citation omitted).

There is no genuine dispute of material fact as to whether Plaintiff had

knowledge of the facts giving rise to the claim by December 6, 2012, the date of her termination from employment. *See* Dkt. No. 8 at 3. Even before her termination, the EEOC issued Plaintiff a notice of the right to sue on November 20, 2012, based on her allegations that she was discriminated against during the period of January 25, 2012 through November 19, 2012. *See id*. But Plaintiff failed to disclose this claim at any time prior to the confirmation of her bankruptcy plan, which occurred on January 17, 2013. *See* Dkt. No. 52-2 at 49.

These facts establish that Plaintiff did not lack knowledge of her undisclosed claim prior to confirmation of her bankruptcy plan. In fact, there is evidence in the record that, when Plaintiff's bankruptcy counsel became aware of the current action, he presented Plaintiff with amended schedules in order to disclose the present claim and that Plaintiff refused to sign the amended schedules. *See id.* at 53. As discussed more fully below, Plaintiff has not offered any summary judgment evidence that could refute this conclusion or create a genuine dispute of material fact.

### 2. Plaintiff has motive to conceal her undisclosed claim.

"[T]he motivation element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court." *Love*, 677 F.3d at 262. More specifically, a debtor will be found to have the requisite "motivation to conceal where they stood to reap a windfall had they been able to recover on the undisclosed claim." *Id*. The Fifth Circuit has found that intentionality can be inferred "where the debtor [has] filed and pursued [her] employment discrimination claims during the pendency of [her] chapter 13 case but never amended [her] financial statement to include the

lawsuit." *Jethroe*, 412 F.3d at 601.

Although Plaintiff has recently amended her asset schedules to reflect the existence of this claim, *see* Dkt. No. 58 at 2 n.2, this fact is of no consequence because, "[w]hen reviewing potential motive, the relevant inquiry is intent at the time of non-disclosure." *Love*, 677 F.3d at 263. Whether Plaintiff would stand to reap a windfall "*after [Defendant] forced [Plaintiff] to disclose [her] claims* is an entirely different issue than whether [Plaintiff] had a financial motive to conceal [her] claims against [Defendant] *at the time [Plaintiff] failed to meet [her] disclosure obligations*, which is the relevant time frame for the judicial estoppel analysis." *Id.* (citing *Superior Crewboats*, 374 F.3d at 336).

Plaintiff's failure to disclose her claims in this lawsuit in her original asset schedules or through any amendment prior to the Court's confirmation of her bankruptcy plan, together with her simultaneous pursuit of her claims in this lawsuit, establish that she acted with a motive to conceal. *See* Dkt. No. 52-2. Plaintiff has not offered any summary judgment evidence that could refute this conclusion or create a genuine dispute of material fact.

## II. Plaintiff's summary judgment evidence is insufficient to overcome or create as fact issue as to the application of judicial estoppel.

Defendant has moved to strike Plaintiff's summary judgment evidence on the basis that it is neither verified nor authenticated and that it violates the Local Rules of this Court. *See* Dkt. No. 55. Defendant has also objected to numerous specific allegations made by Plaintiff as constituting either conclusory statements or

inadmissible hearsay, or as being unsupported by the summary judgment record. *See id*. Defendant further contends that Plaintiff has failed to establish her personal knowledge with respect to many of her assertions. *See id*. Despite these objections, the Court has determined that it is unnecessary to address the admissibility of Plaintiff's summary judgment evidence because, whether admissible or not, Plaintiff's evidence is insufficient to preclude summary judgment.

With respect to the specific legal theory which forms the basis of Defendant's Supplemental Motion for Summary Judgment [Dkt. No. 52] – judicial estoppel – Plaintiff has not provided any evidence which, even if admissible, would defeat Defendant's Motion [Dkt. No. 52] by creating a genuine dispute of material fact.

Although Plaintiff alleges in her Response [Dkt. No. 57] that her bankruptcy attorney knew about her race discrimination and retaliation claims and that she requested several times that he amend her asset schedules, these assertions, even if true, are insufficient to overcome the application of judicial estoppel. *See* Dkt. No. 57 at 2. Plaintiff's additional assertions that she "only saw the worksheet twice" and that her attorney "was suppose[d] to already have everything done" are also of no consequence because these contentions similarly fail to refute the fact that Plaintiff had knowledge of her claims, both prior to and during her ongoing failure to disclose them. Dkt. No. 57 at 3. The Fifth Circuit has rejected similar arguments, stating that, with respect to the inadvertence element, a party's "representation that she did not know she had to disclose – and that she relied on the advice of her attorney – is unavailing on this prong of the test." *In re Flugence*, 738 F.3d 126, 130 (5th Cir. 2013).

In short, Plaintiff's summary judgment evidence ignores "the controlling inquiry, with respect to inadvertence, [which] is the knowing of facts giving rise to inconsistent positions." *Id.* None of the facts set forth by Plaintiff in her Response [Dkt. No. 57] address the relevant inquiry with respect to inadvertence – whether Plaintiff had knowledge of her claim at the time of non-disclosure. Thus, even if found to be admissible, none of Plaintiff's evidence would be sufficient to prevent – or create a genuine dispute of material fact as to – the application of judicial estoppel.

For the foregoing reasons, the undersigned has not relied on Plaintiff's summary judgment evidence in reaching its conclusion as to Defendant's Supplemental Motion for Summary Judgment [Dkt. No. 52]. But, even if the undersigned did consider Plaintiff's summary judgment evidence, that evidence is plainly insufficient to overcome or create a genuine dispute of material fact as to the application of judicial estoppel, and the Court therefore need not address its admissibility.

Accordingly, Defendant's Objections and Motion to Strike Plaintiff's Summary Judgment Evidence [Dkt. No. 55] should be denied as moot. *See Winchester v. Nationwide Mut. Ins. Co.*, No. 3:09-cv-1225-M-BD, 2011 WL 913236, at *1 n. 1 (N.D. Tex. Feb. 24, 2011), *rec. adopted*, 2011 WL 913245 (N.D. Tex. Mar. 15, 2011) (overruling as moot objections to evidence that would not affect disposition of summary judgment motion); *Jones v. United Parcel Serv., Inc.*, No. 3:06-cv-1535-L, 2008 WL 2627675, at *6 (N.D. Tex. June 30, 2008), *aff'd*, 307 F. App'x 864 (5th Cir. Jan. 23, 2009) (denying as moot an objection to summary judgment evidence where sustaining the objection would not change the outcome).

### III. Summary

Plaintiff has taken inconsistent legal positions before this Court and the Bankruptcy Court, her prior position was accepted by the Bankruptcy Court, and she did not act inadvertently in her non-disclosure. Plaintiff has failed to offer any summary judgment evidence sufficient to establish a genuine dispute as to any material fact. The test for judicial estoppel is thus satisfied, and Plaintiff's claims should therefore be dismissed with prejudice.

### Recommendation

The Court should GRANT Defendant's Supplemental Motion for Summary Judgment [Dkt. No. 52], dismiss all of Plaintiff's claims with prejudice on judicial estoppel grounds, and DENY as moot Defendant's Motion for Summary Judgment [Dkt. No. 35] and Defendant's Objections and Motion to Strike Plaintiff's Summary Judgment Evidence [Dkt. No. 55].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 22, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE