IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OCTAVIA SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-792-G-BN |
| | § | |
| DALLAS COUNTY HOSPITAL | § | |
| DISTRICT d/b/a PARKLAND HEALTH | § | |
| & HOSPITAL SYSTEM, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On December 24, 2014, Plaintiff Octavia Smith, proceeding *pro se*, filed a motion for reconsideration of the Court's judgment entered December 9, 2014 [Dkt. No. 65]; a notice of appeal [Dkt. No. 66]; and a motion interpreted as one to proceed *in forma pauperis* on appeal [Dkt. No. 67]. The *in forma pauperis* motion is before the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b), and the undersigned now issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Plaintiff initiated this action on February 19, 2013. *See* Dkt. No. 3 (complaint); *see also* Dkt. No. 8 (amended complaint). Although Plaintiff proceeded *pro se* in this Court, she paid the statutory filing fee when she filed her complaint.

On October 22, 2014, the undersigned recommended that Defendant Dallas

-1-

County Hospital District d/b/a Parkland Health and Hospital System's supplemental motion for summary judgment [Dkt. No. 52] be granted because there is no genuine dispute as to any material fact as to whether the test for judicial estoppel is satisfied as to Plaintiffs' claims and Plaintiff's claims should therefore be dismissed with prejudice. *See* Dkt. No. 59. After she was granted an extension of time, *see* Dkt. No. 60, Plaintiff filed an objection on December 5, 2014, *see* Dkt. No. 62. But the Court adopted the Findings, Conclusions, and Recommendation of the Magistrate Judge and entered judgment, dismissing Plaintiff's action, on December 9, 2014. *See* Dkt. Nos. 63 & 64.

**Legal Standards**

28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) govern the determination of applications to proceed with an appeal *in forma pauperis* ("IFP"). *See, e.g., Taylor v. Dretke*, No. 4:02-cv-1017-Y, 2003 WL 22121296, at *1 (N.D. Tex. Sept. 12, 2003). Section 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.* And Rule 24(a) provides in pertinent part:

> **(1) Motion in the District Court.** Except as stated in Rule 24(a)(3), [concerning, unlike here, a party previously permitted to proceed *in forma pauperis*,] a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>   **(A)** shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>   **(B)** claims an entitlement to redress; and
>   **(C)** states the issues that the party intends to present on appeal.
>
> **(2) Action on the Motion.** If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees

and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

FED. R. CIV. P. 24(a).

An appeal is taken in good faith under Section 1915(a)(3) if a litigant seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). "[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." *Kirklewski v. Hamilton*, No. 3:07cv193, 2008 WL 906011, at *1 (S.D. Ohio Mar. 31, 2008); *see also Coppedge*, 369 U.S. at 445; *Amir-Sharif v. Dallas Cnty. Tex.*, 269 F. App'x 525, 526 (5th Cir. Mar. 13, 2008) (per curiam) ("A movant who seeks authorization to proceed IFP on appeal must demonstrate that he is a pauper and that his appeal involves nonfrivolous issues." (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982))); *Davis v. City of Dallas*, No. 3:76-cv-834-P, 2004 WL 1774550, at *1 (N.D. Tex. July 27, 2004) ("A movant must demonstrate the existence of a non-frivolous issue for appeal." (citing *Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988))).

## Analysis

Plaintiff has not shown that there is a non-frivolous issue to be litigated on appeal by addressing the basis for the Court's dismissal of her case. Because Plaintiff "fail[s] to give a reasoned nonfrivolous argument on the law and supporting facts as to why the dismissal of [her action] was incorrect," the Court should deny her motion and certify that her appeal is not taken in good faith under Section 1915(a)(3). *See Clark*

*v. Oklahoma*, 468 F.3d 711, 713, 715 (10th Cir. 2006) (affirming district court's denial of motion to proceed IFP because Section 2254 petitioner's "application to appeal failed to give a reasoned nonfrivolous argument on the law and supporting facts as to why the dismissal of his habeas petition was incorrect"); *see Thigpen v. Daniels*, 475 F. App'x 306, 308 (10th Cir. Aug. 14, 2012) (applying *Clark*, and citing *Coppedge*, to "conclude, as did the district court, that [the] appeal [was] not taken in good faith" where plaintiff failed to provide "'a reasoned nonfrivolous argument on the law and supporting facts as to why the dismissal of his [lawsuit] was incorrect'"); *see also Clanton v. Michigan Dep't of Transp.*, No. 07-CV-10479, 2007 WL 788923, at *1 (E.D. Mich. Mar. 14, 2007) (denying motion to proceed IFP on appeal and finding appeal not taken in good faith where plaintiff "failed to state the issues he intends to present on appeal, and instead simply ask[ed] for the relief").

## Recommendation

Plaintiff's motion for leave to proceed *in forma pauperis* on appeal [Dkt. No. 67] should be denied, and the Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 5, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE